UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
      **JUDGE**

## LETTER OPINION

January 20, 2010

Bryan D. Press
125 Paterson Avenue
2nd Floor
Little Falls, NJ 07424
      *(Attorney for Plaintiff)*

OSK Paper International, Inc.
3398 Kiveton Court
Norcross, GA 30092
      *(Defendant)*

Midwest Entertainment Group
740 Industrial Dr., Unit B
Cary, IL 60013
      *(Defendant)*

      RE:   *Yang Ming (America) Corp. v. OSK Paper International, Inc.* et al.
            Civil Action No. 09-3212 (WJM)

Dear Litigants:

      This action comes before the Court on the motion of Plaintiff Yang Ming (America) Corp. ("Yang") for default judgment against Defendants OSK Paper International, Inc. ("OSK") and Midwest Entertainment Group. Co., Ltd. ("Midwest").

1

There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Yang's motion is **GRANTED,** and default judgment shall be entered against OSK and Midwest.

I.     BACKGROUND

Plaintiff and Defendants entered into a contract of carriage. (Pl. Cmplt. ¶ 10). By the terms of the contract, Plaintiff agreed to pack, load, and transport goods belonging to Defendants and their customers from their respective points of origin to various ports for international shipment. (*Id*.). In exchange, Defendants agreed to compensate Plaintiff for its services and pay for all accessorial and other charges incident to the transportation of the goods. (*Id*. at 11, 15). However, Plaintiff alleges that it was never paid, despite having demanded payment, and is owed $43,749.00 by Defendants. (*Id*. at 17, 22, 28, 29, 41). Although Plaintiff acknowledges one attempt at partial payment by Midwest, in which Midwest wrote Plaintiff a check for $39,236.00, the check was returned for insufficient funds by the bank upon which it was drawn. (*Id.* at 31-32, Ex. B).

Plaintiff filed a Complaint against Defendants with the district court on July 1, 2009. (CM/ECF Docket Entry No. 1). On July 6, 2009, the Court issued summonses as to OSK and Midwest. (*Id*. at No. 2). Yang subsequently filed proof of service with respect to OSK and Midwest. (*Id*. at Nos. 4-5; Certif. of Bryan D. Press, Ex. A). By December 1, 2009, neither OSK nor Midwest had answered or otherwise responded to the Complaint. Therefore, Plaintiff moved for and obtained entries of default from the Clerk of the Court as to both OSK and Midwest, as stipulated by Fed. R. Civ. P. 55(a). (CM/ECF Docket Entry Nos. 6-7). Presently before the Court is Plaintiff's Motion for Default Judgment against OSK and Midwest pursuant to Fed. R. Civ. P. 55(b).

II.    ANALYSIS

A defendant's default has the legal effect of admitting the truth of all well-pled allegations contained in the complaint that pertain to liability. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). With that in mind, the Court must consider the three factors that control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984).

Here, the Court must accept the truthfulness of Plaintiff's allegations pertaining to breach of contract and non-payment of fees. In this context, the Court must consider the appropriateness of entering default judgment against OSK and Midwest. The Court finds that the longer Plaintiff does not receive payment, the more it is harmed. Therefore, if default were denied, Plaintiff would likely be

prejudiced.  In addition, it appears to the Court that Defendants OSK and Midwest were properly served and that Plaintiff took all proper steps in bringing its motion for default.  Therefore, the Court is unaware of any litigable defenses available to these Defendants and finds that their failure to respond to the Complaint was the result of their own culpable conduct and no one else's.  Therefore, the requirements for granting default judgment are satisfied.

## III.   CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is **GRANTED** and default judgment is entered against Defendants OSK and Midwest.  An appropriate final judgment order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**